# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Dale Johnson,<br><br>              Plaintiff,<br><br>v.<br><br>Dr. Rumsey, et al.,<br><br>              Defendants. | No. CV-14-00173-PHX-DLR (BSB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on its own review. Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, and the Court granted Plaintiff in forma pauperis status. (Doc. 9.) On September 30, 2014, the Court ordered service on Defendant Rumsey and directed Plaintiff to return a completed service packet for Defendant Rumsey to the Court within twenty-one days. (Doc. 16.) The September 30, 2014 Order also directed Plaintiff to notify the Court of a change of address in accordance with Local Rule of Civil Procedure 83.3(d). (*Id.* at 6.)

The deadline for returning the completed service packet passed, but Plaintiff did not return a completed service packet to the Court. Accordingly, the Court ordered Plaintiff to show cause on or before December 1, 2014 why his claims against Defendant Rumsey should not be dismissed without prejudice for failure to comply with the Court's order. (Doc. 17.) In the alternative, Plaintiff could return a completed service packet to the Court. (*Id.* at 2.)

On November 18, 2014, Plaintiff submitted a service packet to the Court. However, because it did not include an address at which to serve Defendant Rumsey, the Clerk of Court returned the service packet to Plaintiff for completion. (Doc. 18.) The Court sent the service packet several times, but it was returned as undeliverable because Plaintiff had been moved to "Rynning Unit in Eyman Complex." (Docs. 19, 20.)

On November 19, 2014, the Court again delivered the service packet to Plaintiff at Rynning Unit in Eyman Complex (Doc. 21), but Plaintiff did not return a completed service packet to the Court. In view of Plaintiff's continued failure to return a completed service packet to the Court, on December 16, 2014, the Court ordered Plaintiff to show cause on or before December 30, 2014 why his case should not be dismissed for failure to comply with Court orders. *See* Fed. R. Civ. P. 41(b). (Doc. 22.)

On December 17, 2014, the Court's December 16, 2014 Order was returned as undeliverable with a notation that Plaintiff had been moved to SMU I. (Doc. 23.) That same day, the Clerk of Court resent the December 16, 2014 order to Plaintiff at his new location. Plaintiff did not respond to that Order, or file a completed service packet. The Court has given Plaintiff ample time and opportunities to submit a completed service packet for service on Defendant Rumsey and the Court has warned him that failure to do so could result in dismissal of his action. (Docs. 17, 22.) Plaintiff, however, has neither responded to the most recent order to show cause (Doc. 22) nor returned a completed service packet to the Court.

Based on Plaintiff's repeated failure to comply with Court orders, it is recommended that this matter be dismissed without prejudice for failure to comply with court Orders pursuant to Fed. R. Civ. P. 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (recognizing that a federal district court has the inherent power to dismiss a case sua sponte under Rule 41(b)).

Accordingly,

**IT IS RECOMMENDED** that the Court dismiss this matter without prejudice for failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b).

1      This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 6th day of February, 2015.

_____
Bridget S. Bade
United States Magistrate Judge